RECEIVED
SEP 0 1 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARY LOUISE WEBB WELLS | CIVIL ACTION NO. 06-1371 |
| versus | JUDGE STAGG |
| WOMENS CLINIC OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

Mary Louise Webb Wells ("Plaintiff") commenced this civil action, without representation by an attorney, by filing a one-page "Formal Complaint." The document states as follows:

> "Appearing in U. S. Fed. Court representing myself while allowing others attorneys to assist me.
> Formal charges.
>
> 1. Medical malpractice
>
> 2. Employers failed to notify employee of medical condition
>
> 3. Medical procedure causing death of plaintiff.
>
> 4. Conspiracy to conceal surgeons errors.
>
> 5.
>
> Damages asked $1.00"

The pleading does not name a defendant, but Plaintiff's motion to proceed in forma pauperis includes in the caption the names of the following defendants: The Womens Clinic of Shreveport, Louisiana State University Medical Center, and Willis-Knighton Medical Center.

Federal courts do not have the authority to hear all disputes. They have limited jurisdiction, and it is the obligation of the person who brings the case to federal court to set forth facts that establish a legitimate basis for the federal court to exercise jurisdiction. "There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). If the person bringing the action does not satisfy his burden of establishing jurisdiction, the federal action must be dismissed; the plaintiff may attempt to refile the case in a state court of proper jurisdiction.

The court, pursuant to its independent duty to ascertain a basis for subject matter jurisdiction, has reviewed the complaint submitted by Plaintiff. The two jurisdictional grounds upon which almost all claims come to federal court are federal question jurisdiction pursuant to 28 U.S.C. §1331 and diversity jurisdiction under Section 1332. Plaintiff's complaint does not specifically invoke any federal law, although her civil cover sheet (that appears to have been prepared by the Clerk of Court) lists 42 U.S.C. §1983 as the cause of action. That does not, however, provide a basis for jurisdiction because the mere reference to the statute falls in the category of a claim that "appears to be immaterial and made solely for the purposes of obtaining jurisdiction or [the] claim is wholly insubstantial and frivolous." Williamson v. Tucker, 645 F.2d 404, 415 (5th Cir. 1981). Such claims do not give rise to jurisdiction. Id. In the alternative, if one were of the opinion that the mention of Section 1983 in the civil cover sheet is sufficient to give rise to jurisdiction, the allegations

in the complaint do not state a Section 1983 claim upon which relief could be granted. Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). Nor does mere negligence, neglect or medical malpractice. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991) Furthermore, two of the defendants are private healthcare facilities, and a Section 1983 claim can be properly made only against a state actor.

Medical malpractice claims arise under state law, and federal courts do not have jurisdiction to hear such claims unless the parties are citizens of different states and the amount in controversy exceeds $75,000. Plaintiff prays for only $1.00 in damages, and her address indicates that she shares Louisiana citizenship with at least one of the defendants, which deprives this court of diversity jurisdiction. There are no other potential grounds for the federal court to exercise jurisdiction over this case, so Plaintiff must pursue any relief in connection with her medical malpractice claims in the appropriate state court. Plaintiff may be required to present her claims to a medical review panel before filing such a suit.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** due to lack of subject matter jurisdiction.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 31st day of August, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Stagg